UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE

---

| | |
|---|---|
| SHIVA STEIN, | : |
| | : |
| Plaintiff, | : Case No. _____ |
| | : |
| v. | : |
| | : **COMPLAINT FOR VIOLATIONS OF** |
| HD SUPPLY HOLDINGS, INC., JOSEPH J. | : **SECTIONS 14(e), 14(d) AND 20(a) OF** |
| DEANGELO, KATHLEEN J. AFFELDT, | : **THE SECURITIES EXCHANGE ACT** |
| PETER A. DORSMAN, STEPHEN J. | : **OF 1934** |
| KONENKAMP, MILFORD W. MCGUIRT, | : |
| PATRICK R. MCNAMEE, SCOTT | : **JURY TRIAL DEMANDED** |
| OSTFELD, CHARLES W. PEFFER, JAMES | : |
| A. RUBRIGHT, and LAUREN TAYLOR | : |
| WOLFE, | : |
| | : |
| Defendants. | : |

---

Shiva Stein ("Plaintiff"), by and through her attorneys, alleges the following upon information and belief, including investigation of counsel and review of publicly-available information, except as to those allegations pertaining to Plaintiff, which are alleged upon personal knowledge:

1. This is an action brought by Plaintiff against HD Supply Holdings, Inc. ("HD Supply" or the "Company") and the members of HD Supply's board of directors (the "Board" or the "Individual Defendants" and collectively with the Company, the "Defendants") for their violations of Sections 14(e), 14(d), and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), in connection with the proposed acquisition of HD Supply by affiliates of The Home Depot, Inc. ("Home Depot").

2. Defendants have violated the above-referenced sections of the Exchange Act by causing a materially incomplete and misleading Solicitation Statement on Schedule 14D-9 (the

"Solicitation Statement") to be filed on November 24, 2020 with the United States Securities and Exchange Commission ("SEC") and disseminated to Company stockholders. The Solicitation Statement recommends that the Company's stockholders tender their shares in support of a proposed transaction whereby Coronado Acquisition Sub, Inc. (the "Purchaser"), a wholly-owned subsidiary of Home Depot, is offering to purchase any and all of the outstanding shares of HD Supply at a purchase price of $56.00 per share (the "Tender Offer"), and following the Tender Offer, the Purchaser will merge with HD Supply, with HD Supply continuing as the surviving corporation and a wholly-owned subsidiary of Home Depot (the "Proposed Transaction"). Pursuant to the terms of the definitive agreement and plan of merger the companies entered into, dated November 15, 2020 (the "Merger Agreement"), the Purchaser commenced the Tender Offer to acquire all of HD Supply's outstanding common stock on November 24, 2020, which will expire on December 23, 2020.

3.  Defendants have now asked HD Supply's stockholders to support the Proposed Transaction based upon the materially incomplete and misleading representations and information contained in the Solicitation Statement, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act. Specifically, the Solicitation Statement contains materially incomplete and misleading information concerning, among other things, (i) HD Supply's financial projections relied upon by the Company's financial advisor, Goldman Sachs & Co. LLC ("Goldman Sachs"), in its financial analyses; and (ii) the data and inputs underlying the financial valuation analyses that support the fairness opinion provided by the Company's financial advisor. The failure to adequately disclose such material information constitutes a violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act as HD Supply stockholders need such information in order to tender their shares in support of the Proposed Transaction.

4. It is imperative that the material information that has been omitted from the Solicitation Statement is disclosed to the Company's stockholders prior to the expiration of the Tender Offer.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Proposed Transaction unless and until the material information discussed below is disclosed to HD Supply's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the Defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to Section 27 of the Exchange Act (15 U.S.C. § 78aa) and 28 U.S.C. § 1331 (federal question jurisdiction) as Plaintiff alleges violations of Sections 14(e), 14(d), and 20(a) of the Exchange Act and SEC Rule 14a-9.

7. Personal jurisdiction exists over each Defendant either because each is an individual who is either present in this District for jurisdictional purposes or has sufficient minimum contacts with this District as to render the exercise of jurisdiction over defendant by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District under Section 27 of the Exchange Act, 15 U.S.C. § 78aa, as well as under 28 U.S.C. § 1391, because Defendant HD Supply is incorporated in this District.

## PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of HD Supply common stock and has held such stock since prior to the wrongs complained of herein.

10. Individual Defendant Joseph J. DeAngelo has served as a member of the Board since 2007 and is the Company's Chairman, President, and Chief Executive Officer.

11. Individual Defendant Kathleen J. Affeldt has served as a member of the Board since 2014.

12. Individual Defendant Peter A. Dorsman has served as a member of the Board since 2017.

13. Individual Defendant Stephen J. Konenkamp has served as a member of the Board and since 2019.

14. Individual Defendant Milford W. McGuirt has served as a member of the Board and since June 2020.

15. Individual Defendant Patrick R. McNamee has served as a member of the Board and since 2013.

16. Individual Defendant Scott Ostfeld has served as a member of the Board and since 2017.

17. Individual Defendant Charles W. Peffer has served as a member of the Board and since 2013.

18. Individual Defendant James A. Rubright has served as a member of the Board and since 2014.

19. Individual Defendant Lauren Taylor Wolfe has served as a member of the Board and since 2017.

20. Defendant HD Supply is incorporated in Delaware and maintains its principal offices at 3400 Cumberland Boulevard, Atlanta, Georgia 30339. The Company's common stock trades on the NASDAQ Exchange under the symbol "HDS."

21. The defendants identified in paragraphs 10-19 are collectively referred to as the "Individual Defendants" or the "Board."

22. The defendants identified in paragraphs 10-20 are collectively referred to as the "Defendants."

## SUBSTANTIVE ALLEGATIONS

**A.**   <u>**The Proposed Transaction**</u>

23. HD Supply operates as an industrial distributor in North America. It operates in two segments, Facilities Maintenance, and Construction & Industrial. The Facilities Maintenance segment offers electrical and lighting items, plumbing supplies, appliances, janitorial supplies, hardware products, kitchen and bath cabinets, window coverings, textiles and guest amenities, healthcare maintenance products, water and wastewater treatment products, and heating, ventilating, and air conditioning products. This segment also distributes maintenance, repair, and operations products; and provides value-add services, as well as fabricates custom products. The Construction & Industrial segment distributes hardware, tools, engineered materials, and safety products, as well as offers pre-bid assistance, product submittal, engineering, and tool repair services. Its products include tilt-up brace systems, forming and shoring systems, concrete chemicals, hand and power tools, cutting tools, rebars, ladders, safety and fall arrest equipment, specialty screws and fasteners, sealants and adhesives, drainage pipes, geo-synthetics, erosion and sediment control equipment, and other engineered materials. This segment also offers home improvement solutions, such as light remodeling and construction supplies, kitchen and bath cabinets, windows, plumbing materials, electrical equipment, and other products. The Company has approximately 270 branches and 44 distribution centers. It sells its products primarily through a professional sales force, print catalog, and e-commerce channels to approximately 500,000 customers consisting of contractors, maintenance professionals, home builders, industrial businesses, and government entities. The Company was formerly known as HDS Investment

Holding, Inc. and changed its name to HD Supply Holdings, Inc. in April 2013. HD Supply was founded in 2007 and is headquartered in Atlanta, Georgia.

> 24. On November 16, 2020, the Company announced the Proposed Transaction:
>
> ATLANTA, Nov. 16, 2020 (GLOBE NEWSWIRE) -- HD Supply Holdings, Inc. (NASDAQ: HDS), one of the largest wholesale distributors in North America, today announced that The Home Depot, Inc., the world's largest home improvement retailer, has entered into a definitive agreement to acquire HD Supply. Under the terms of the agreement, The Home Depot, Inc. has agreed to commence a tender offer, through a wholly-owned subsidiary, to acquire all of the outstanding shares of HD Supply common stock for $56 per share in cash. The Boards of Directors of both The Home Depot, Inc. and HD Supply have unanimously approved the terms of the agreement, and the Board of Directors of HD Supply has resolved to recommend that shareholders accept the offer, once it is commenced. The acquisition is structured as an all-cash tender offer for all outstanding issued common stock of HD Supply followed by a merger in which remaining shares of HD Supply would be converted into the same U.S. dollar per share consideration as in the tender offer. The acquisition is expected to be completed during The Home Depot, Inc.'s fiscal fourth quarter, which ends on January 31, 2021 and is subject to applicable regulatory approval and customary closing conditions.
>
> "The Board and I believe the strategic acquisition by The Home Depot, Inc. will create significant benefits for our customers, associates, and shareholders," stated Joe DeAngelo, Chairman and CEO of HD Supply. "We look forward to working together to deliver the safest, most dependable and innovative customer experience to the living space maintenance professional."
>
> **Advisors**
>
> Goldman Sachs & Co. LLC is acting as financial advisors and Jones Day is acting as legal advisor to HD Supply in connection with the transaction.
>
> \* \* \*

25. It is therefore imperative that HD Supply's stockholders are provided with the material information that has been omitted from the Solicitation Statement, so that they can meaningfully assess whether or not the Proposed Transaction is in their best interests.

B. **The Materially Incomplete and Misleading Solicitation Statement**

26. On November 24, 2020, HD Supply filed the Solicitation Statement with the SEC in connection with the Proposed Transaction. The Solicitation Statement was furnished to the Company's stockholders and solicits the stockholders to tender their shares in support of the Proposed Transaction. The Individual Defendants were obligated to carefully review the Solicitation Statement before it was filed with the SEC and disseminated to the Company's stockholders to ensure that it did not contain any material misrepresentations or omissions. However, the Solicitation Statement misrepresents and/or omits material information that is necessary for the Company's stockholders to make an informed decision concerning whether to tender their shares, in violation of Sections 14(e), 14(d), and 20(a) of the Exchange Act.

27. The Solicitation Statement omits material information regarding the Company's financial projections and the valuation analyses performed by Goldman Sachs, the disclosure of which is material because it provides stockholders with a basis to project the future financial performance of the target company, and allows stockholders to better understand the analyses performed by the financial advisor in support of its fairness opinion of the transaction.

*Omissions and/or Material Misrepresentations Concerning HD Supply Financial Projections*

28. The Solicitation Statement fails to provide material information concerning financial projections prepared by HD Supply management and relied upon by the financial advisor in its analyses. Solicitation Statement indicates that in connection with the rendering of its fairness opinion, the Company prepared certain non-public financial forecasts (the "Projections") and provided them to the Board and the financial advisor with forming a view about the stand-alone

valuation of the Company. Accordingly, the Solicitation Statement should have, but fails to provide, certain information in the projections that HD Supply management provided to the Board and the financial advisors. Courts have uniformly stated that "projections … are probably among the most highly-prized disclosures by investors. Investors can come up with their own estimates of discount rates or [] market multiples. What they cannot hope to do is replicate management's inside view of the company's prospects." *In re Netsmart Techs., Inc. S'holders Litig.*, 924 A.2d 171, 201-203 (Del. Ch. 2007).

29. For the Projections prepared by Company management for HD Supply for fiscal years 2020 through 2024, the Solicitation Statement provides values for non-GAAP (Generally Accepted Accounting Principles) financial metrics: (a) Adjusted EBITDA; (b) Free Cash Flow; and (c) Unlevered Free Cash Flow as calculated by Goldman Sachs, but fails to disclose: (i) the line items used to calculate the non-GAAP measures or (ii) a reconciliation of these non-GAAP metrics to their most comparable GAAP measures, in direct violation of Regulation G.

30. When a company discloses non-GAAP financial measures in a solicitation statement that were relied on by a board of directors to recommend that stockholders exercise their corporate suffrage rights in a particular manner, the company must, pursuant to SEC regulatory mandates, also disclose all projections and information necessary to make the non-GAAP measures not misleading, and must provide a reconciliation (by schedule or other clearly understandable method) of the differences between the non-GAAP financial measure disclosed or released with the most comparable financial measure or measures calculated and presented in accordance with GAAP. 17 C.F.R. § 244.100.

31. The SEC has noted that:

> companies should be aware that this measure does not have a uniform definition and its title does not describe how it is calculated.

> Accordingly, a clear description of how this measure is calculated, as well as the necessary reconciliation, should accompany the measure where it is used. Companies should also avoid inappropriate or potentially misleading inferences about its usefulness. For example, "free cash flow" should not be used in a manner that inappropriately implies that the measure represents the residual cash flow available for discretionary expenditures, since many companies have mandatory debt service requirements or other non-discretionary expenditures that are not deducted from the measure.[1]

32. Thus, to cure the Solicitation Statement and the materially misleading nature of the forecasts under SEC Rule 14a-9 as a result of the omitted information in the Solicitation Statement, Defendants must provide a reconciliation table of the non-GAAP measures to the most comparable GAAP measures to make the non-GAAP metrics included in the Solicitation Statement not misleading.

33. Further, the Solicitation Statement notes that, in connection with preparing the fairness opinion, Goldman Sachs reviewed, along with the Projections, "certain analyses prepared by the management of the Company related to the expected utilization by the Company of certain net operating loss carryforwards of the Company, as approved for Goldman Sachs' use by the Company (the "NOL Forecasts"). Solicitation Statement at 28. However, the Solicitation Statement fails to disclose the NOL Forecasts. Such forecasts are material to HD Supply's shareholders, as the Board cites the Company's NOL Forecasts and the expectation that the utilization of such NOLs as a reason why HD Supply shareholders should tender their shares in support of the Proposed Transaction. The omission of the NOL Forecasts render the summary of Goldman Sachs' analyses, which utilized the NOL Forecasts, incomplete and misleading.

---

[1] U.S. Securities and Exchange Commission, Non-GAAP Financial Measures, last updated April 4, 2018, available at: https://www.sec.gov/divisions/corpfin/guidance/nongaapinterp.htm.

*Omissions and/or Material Misrepresentations Concerning Goldman Sachs' Financial Analyses*

34. With respect to Goldman Sachs' *Illustrative Present Value of Future Share Price Analysis*, the Solicitation Statement fails to disclose: (i) the basis for applying the range of illustrative multiples of EV/NTM Adj. EBITDA of 11.0x to 13.0x to Adjusted EBITDA; (ii) the net debt of the Company; (iii) the fully diluted outstanding shares of the Company; and (iv) the basis for applying the illustrative discount rate of 7.50%

35. With respect to Goldman Sachs' *Illustrative Discounted Cash Flow Analysis*, the Solicitation Statement fails to disclose: (i) the NOL Forecasts; (ii) the basis for applying the range of discount rates from 6.00% to 7.00%; (iii) the basis for applying a range of illustrative terminal values; (iv) the basis for applying EV/Adjusted EBITDA range of 11.5x to 13.x to terminal year Adjusted EBITDA; (v) the basis for applying the perpetuity growth rates ranging from 0.2% to 2.0%; (vi) the Company's net cash; and (vii) and the number of fully diluted outstanding shares of the Company.

36. With respect to Goldman Sachs' *Premia Analysis*, the Solicitation Statement fails to disclose the premia and the transactions observed by Goldman Sachs in the analysis.

37. In sum, the omission of the above-referenced information renders statements in the Solicitation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material information prior to the expiration of the Tender Offer, Plaintiff will be unable to make a fully-informed decision regarding whether to tender her shares, and she is thus threatened with irreparable harm, warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

**On Behalf of Plaintiff Against All Defendants for
Violations of Section 14(e) of the Exchange Act**

38. Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

39. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . ." 15 U.S.C. § 78n(e).

40. Defendants violated Section 14(e) of the Exchange Act by issuing the Solicitation Statement in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading, in conjunction with the Tender Offer. Defendants knew or recklessly disregarded that the Solicitation Statement failed to disclose material facts necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading.

41. The Solicitation Statement was prepared, reviewed and/or disseminated by Defendants. It misrepresented and/or omitted material facts, including material information about the consideration offered to stockholders via the Tender Offer, the intrinsic value of the Company, the Company's financial projections, and the financial advisors' valuation analyses and resultant fairness opinion.

42. In so doing, Defendants made untrue statements of material fact and omitted material information necessary to make the statements that were made not misleading in violation

of Section 14(e) of the Exchange Act. By virtue of their positions within the Company and/or roles in the process and in the preparation of the Solicitation Statement, Defendants were aware of this information and their obligation to disclose this information in the Solicitation Statement.

43. The omissions and misleading statements in the Solicitation Statement are material in that a reasonable stockholder would consider them important in deciding whether to tender their shares or seek other remedies. In addition, a reasonable investor would view the information identified above which has been omitted from the Solicitation Statement as altering the "total mix" of information made available to stockholders.

44. Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

45. The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff, and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT II
**Violations of Section 14(d)(4) of the Exchange Act and
Rule 14d-9 Promulgated Thereunder
(Against All Defendants)**

46. Plaintiff repeats and re-alleges each allegation set forth above as if fully set forth herein.

47. Defendants have caused the Solicitation Statement to be issued with the intention of soliciting stockholder support of the Tender Offer.

48.     Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

49.     The Solicitation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which render the Solicitation Statement false and/or misleading.

50.     Defendants knowingly, or with deliberate recklessness, omitted the material information identified above from the Solicitation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while Defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Tender Offer, they allowed it to be omitted from the Solicitation Statement, rendering certain portions of the Solicitation Statement materially incomplete and therefore misleading.

51.     The misrepresentations and omissions in the Solicitation Statement are material to Plaintiff and Plaintiff will be deprived of her entitlement to make a fully informed decision if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer.

## COUNT III

**On Behalf of Plaintiff Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act**

52.     Plaintiff incorporates each and every allegation set forth above as if fully set forth herein.

53.     The Individual Defendants acted as controlling persons of HD Supply within the meaning of Section 20(a) of the Exchange Act as alleged herein.  By virtue of their positions as directors of HD Supply, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the incomplete and misleading statements contained in the Solicitation Statement filed with the SEC, they had the power to influence and control and did influence and

control, directly or indirectly, the decision making of HD Supply, including the content and dissemination of the various statements that Plaintiff contends are materially incomplete and misleading.

54. Each of the Individual Defendants was provided with or had unlimited access to copies of the Solicitation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

55. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of HD Supply, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the Exchange Act violations alleged herein, and exercised the same. The omitted information identified above was reviewed by the Board prior to voting on the Proposed Transaction. The Solicitation Statement at issue contains the unanimous recommendation of the Board to approve the Proposed Transaction. The Individual Defendants were thus directly involved in the making of the Solicitation Statement.

56. In addition, as the Solicitation Statement sets forth at length, and as described herein, the Individual Defendants were involved in negotiating, reviewing, and approving the Merger Agreement. The Solicitation Statement purports to describe the various issues and information that the Individual Defendants reviewed and considered. The Individual Defendants participated in drafting and/or gave their input on the content of those descriptions.

57. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

58. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(d) and (e), by their

acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act.  As a direct and proximate result of Individual Defendants' conduct, Plaintiff will be irreparably harmed.

59. Plaintiff has no adequate remedy at law.  Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that Defendants' actions threaten to inflict.

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands injunctive relief in her favor and against the Defendants jointly and severally, as follows:

A. Preliminarily and permanently enjoining Defendants and their counsel, agents, employees and all persons acting under, in concert with, or for them, from proceeding with, consummating, or closing the Proposed Transaction, unless and until Defendants disclose the material information identified above which has been omitted from the Solicitation Statement;

B. Rescinding, to the extent already implemented, the Merger Agreement or any of the terms thereof, or granting Plaintiff rescissory damages;

C. Directing the Defendants to account to Plaintiff for all damages suffered as a result of their wrongdoing;

D. Awarding Plaintiff the costs and disbursements of this action, including reasonable attorneys' and expert fees and expenses; and

E. Granting such other and further equitable relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: November 25, 2020 **RIGRODSKY & LONG, P.A.**

By: */s/ Gina M. Serra*
    Seth D. Rigrodsky (#3147)
    Brian D. Long (#4347)
**OF COUNSEL:**     Gina M. Serra (#5387)
    300 Delaware Avenue, Suite 210
**WOLF HALDENSTEIN ADLER**     Wilmington, DE 19801
**FREEMAN & HERZ LLP**     Telephone: (302) 295-5310
Gloria Kui Melwani     Facsimile: (302) 654-7530
270 Madison Avenue     Email: sdr@rl-legal.com
New York, NY 10016     Email: bdl@rl-legal.com
Telephone: (212) 545-4600     Email: gms@rl-legal.com
Facsimile: (212) 686-0114
Email: melwani@whafh.com     *Attorneys for Plaintiff*